T.C. Memo. 2013-142

UNITED STATES TAX COURT

JOSEPH TOTH, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21665-11.                              Filed June 5, 2013.

Joseph Toth, pro se.

<u>Timothy S. Murphy</u>, <u>Robert D. Heitmeyer</u>, <u>A. Gary Begun</u>, and <u>John D. Davis</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before us on a motion for summary judgment which respondent filed pursuant to Rule 121[1] and to which respondent filed a

_____

[1]All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code in effect for the year at issue.

[*2] supplement.[2]  We shall grant respondent's motion.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Michigan at the time he filed the petition.

During 2008, petitioner worked for Jacobs Technology, Inc. (Jacobs Technology).  During that year, petitioner received wage income from Jacobs Technology of $30,431.56.

During 2008, petitioner also received unemployment compensation from the Michigan Employment Security Commission of $234.  He also won during that year a "Detroit Tigers Fantasy Package" valued at $2,500 that CBS Radio, Inc., had provided.

Petitioner did not file a Federal income tax (tax) return for his taxable year 2008.  Respondent prepared a substitute for return for that taxable year.

On June 20, 2011, respondent issued to petitioner a notice of deficiency with respect to his taxable year 2008.  In that notice, respondent determined the

_____

[2]We shall refer collectively to the motion for summary judgment and the supplement thereto that respondent filed as respondent's motion.  Petitioner filed a response to respondent's motion (petitioner's response), and respondent filed a reply to that response (respondent's reply).  We shall sometimes refer to respondent's motion and respondent's reply as respondent's filings.

[*3] following deficiency in, and additions to, petitioner's tax for his taxable year 2008:

| | Additions to Tax under Secs. | | |
| Deficiency | 6651(a)(1) | 6651(a)(2) | 6654(a) |
| --- | --- | --- | --- |
| $3,556 | $800.10 | $444.50 | $114.30 |

On September 24, 2012, we issued an Order (September 24, 2012 Order) in which we ordered petitioner to file a response to respondent's motion for summary judgment. In that order, we also indicated that our review of the record suggested that petitioner might intend to advance in this case certain frivolous and/or groundless statements, contentions, arguments, and/or questions. We reminded petitioner in the September 24, 2012 Order about section 6673(a)(1) and admonished him that if he advanced in this case frivolous and/or groundless statements, contentions, arguments, and/or questions and/or instituted or maintained this proceeding primarily for delay, we would impose on him a penalty under section 6673(a)(1) in an amount not exceeding $25,000.

On December 19, 2012, petitioner filed petitioner's response.

## Discussion

We may grant summary judgment where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b);

[*4] Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).

In respondent's filings, respondent seeks summary adjudication that petitioner is liable for the following deficiency in, and additions to, petitioner's tax for his taxable year 2008:

|  | Additions to Tax under Secs. | | |
| --- | --- | --- | --- |
| Deficiency | 6651(a)(1) | 6651(a)(2) | 6654(a) |
| $3,233 | $727.43 | $792.09 | $103.88 |

It is petitioner's position that there are genuine disputes of material fact that preclude us from granting respondent's motion. In support of that position, petitioner advances in petitioner's response certain statements, contentions, and/or arguments that we find to be frivolous and/or groundless.

Based upon our examination of the entire record before us, we conclude that there is no genuine dispute as to any material fact that requires a trial. We further conclude that respondent is entitled to summary adjudication as a matter of law.

We turn now sua sponte to section 6673(a)(1), a provision that we brought to petitioner's attention in our September 24, 2012 Order. Section 6673(a)(1) authorizes us to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to us, inter alia, that the

[*5] taxpayer instituted or maintained a proceeding before us primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in a proceeding before us is frivolous or groundless, sec. 6673(a)(1)(B).

In our September 24, 2012 Order, we ordered petitioner to file a response to respondent's motion for summary judgment. We also admonished petitioner in that Order that we would impose a penalty on him under section 6673(a)(1) if he advanced frivolous and/or groundless statements, contentions, arguments, and/or questions and/or instituted or maintained this proceeding primarily for delay. Nonetheless, petitioner advances in petitioner's response certain statements, contentions, and/or arguments that we find to be frivolous and/or groundless.

On the record before us, we find that petitioner's position in this case is frivolous and groundless and that he instituted and maintained this case primarily for delay. Accordingly, we shall impose on petitioner a penalty under section 6673(a)(1) in the amount of $1,500.

We have considered any statements, contentions, arguments, and/or questions of petitioner that are not frivolous and/or groundless and that are not discussed herein, and we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

**[*6]**  To reflect the foregoing,

<u>An order granting respondent's motion and decision for respondent will be entered</u>.